United States District Court
Middle District of Florida
Jacksonville Division

**STEPHEN LEONARD GUARDINO JR.**,

    *Plaintiff,*

v.                                                                 NO. 3:18-CV-1389-J-32PDB

**FLAGLER HOSPITAL ST. AUGUSTINE,**

    *Defendant.*

## Report & Recommendation

Stephen Leonard Guardino Jr., proceeding without a lawyer, has filed a complaint against Flagler Hospital St. Augustine, Doc. 1, and a motion to proceed in forma pauperis under 28 U.S.C. § 1915, Doc. 2. The undersigned recommends dismissal without prejudice for lack of subject matter jurisdiction.

This is one of fifteen complaints Mr. Guardino has filed in the Orlando and Jacksonville Divisions of the Middle District of Florida in the last three months.[1] One has been dismissed without prejudice as frivolous because the allegations were

---

[1] *See Guardino v. Bd. of Cty. Comm'rs of Flagler Cty.* (6:18-cv-1858-Orl-37TBS, transferred and renumbered, 3:18-cv-1301-J-20JBT), *Guardino v. Flagler Cty. Tax Collector's Office* (6:18-cv-1894-Orl-40KRS, transferred and renumbered, 3:18-cv-1318-J-34JBT), *Guardino v. ITT, Inc.* (3:18-cv-1390-J-20JRK), *Guardino v. River Point Behavioral Health* (3:18-cv-1391-J-34JBT), *Guardino v. Coffey* (3:18-cv-1392-J-32JRK), *Guardino v. Fruhan et al.* (6:18-cv-2034-Orl-41DCI, transferred and renumbered, 3:18-cv-1419-J-20PDB), *Guardino v. Mark Zuckerberg* (3:18-cv-1455-J-32JBT), *Guardino v. City of Deland, Florida* (6:18-cv-1502-Orl-41-GJK), *Guardino v. City of Ormond Beach, Florida* (6:18-cv-1503-Orl-40GJK), *Guardino v. Stewart-Marchman-Act Behavioral Healthcare* (6:18-cv-1504-Orl-41GJK), *Guardino v. Vital Security and Investigations, LLC* (6:18-cv-1857-Orl-41DCI), *Guardino v. Stewart Marchman-Act Behavioral Healthcare* (6:18-cv-2023-Orl-41DCI), *Guardino v. Halifax Health* (6:18-cv-2035-Orl-41KRS), and *Guardino v. City of Deland Police Dep't* (6:18-cv-2104-Orl-40TBS).

fanciful, fantastic, and delusional and for failure to contain a short and plain statement establishing a right to relief. *See Guardino v. Stewart-Marchman-Act Behavioral Healthcare* (6:18-cv-1504-Orl-41GJK). One has been dismissed without prejudice for failure to pay the filing fee or file a motion to proceed in forma pauperis. *See Guardino v. Vital Security & Investigations, LLC* (6:18-cv-1857-Orl-41DCI). One has led to a pending report and recommendation recommending (1) dismissal of the complaint for failure to state a claim on which relief may be granted and (2) leave to amend. *Guardino v. Halifax Health* (6:18-cv-2035-Orl-41KRS). Two have led to orders in which a magistrate judge opined the claims are "far-fetched" and it is "highly doubtful" Mr. Guardino can draft a legally sufficient pleading but, in an "abundance of caution," provided leave to amend. *See Guardino v. ITT, Inc.* (3:18-cv-1390-J-20JRK); *Guardino v. Coffey* (3:18-cv-1392-J-32JRK). Two have led to pending motions to dismiss following leave to proceed in forma pauperis and service of process. *See Guardino v. City of Deland* (6:18-cv-1502-Orl-41GJK); *Guardino v. City of Ormand Beach* (6:18-cv-1503-Orl-40GJK).[2]

Here, Mr. Guardino uses the form "Complaint for a Civil Case" (Pro Se 1 (Rev. 12/16)). Under "The Parties to This Complaint," he lists a Palm Coast, Florida, address for himself and a St. Augustine, Florida, address for Flagler Hospital. Doc. 1 at 1–2. Under "Basis for Jurisdiction," he checks "Federal question" and writes "42 U.S.C. 1983 United States Constitutional Amendments 1, 4, 5, and 8." Doc. 1 at 3. Under "Amount in Controversy," he writes "$500,000,000.00." Doc. 1 at 4. Under "Statement of Claim," he writes:

> Flagler Hospital St. Augustine prescribed neurotoxins, psychiatry drugs without fully informed consent as required by law causing severe pain and suffering. Risen to life. All on psychiatry drugs die 25 yrs younger on average due to manifestation of disease from the neurotoxins. Falsely

---

[2]In the two cases that have moved forward, Mr. Guardino asserts constitutional claims based on allegations that local governments asked him to not sleep in public parks. *See Guardino v. City of Deland* (6:18-cv-1502-Orl-41GJK); *Guardino v. City of Ormand Beach* (6:18-cv-1503-Orl-40GJK).

2

> imprisoned me for lengthy periods, literally sent me to a halfway house to which I could not leave. Assaulted battered. No such thing as brain chemical imbalance till after drugs. Flagler Hospital committed major fraud risking my life. No tests can be given for brain chemicals—there is no baseline.

Doc. 1 at 4 (errors in original). Under "Relief," he writes, "Compensatory and punitive damages and other damages as court sees fit due to psychiatry fraud etc. I lost over 14 years of my life joy, peace, health, freedom, liberty, money, due to complete fraud at any time Flagler Hospital as required by law should have informed of truth." Doc. 1 at 4 (errors in original). He further writes, "Flagler Hospital symbolically represents the same symbols as the development in Jackson, New Jersey where I grew up." Doc. 1 at 4.

Mr. Guardino attaches two exhibits. The first exhibit is a one-page document titled "Offer of Proof" and "Evidence Exhibit 1" in which he states, "i stephen leonard guardino jr as King hereby enter into court evidence for the judge and jury to examine and for inscription on court record the following: Screen Shot Capture of Evidence of Government website." Doc. 1-1. He adds to the document a screenshot of a "PLOS Medicine" webpage displaying an article titled, "There is no Such Thing as a Psychiatric Disorder/Disease/Chemical Imbalance." Doc. 1-1. The second exhibit is a two-page document titled "Offer of Proof" and "Evidence Exhibit 2" in which he states, "i stephen leonard guardino jr as King hereby enter into court evidence for the judge and jury to examine and for inscription on court record the following: GOOGLE EARTH IMAGES: Image One: Flagler Hospital St Augustine Near Replica of Space Cadet Helmet symbolic re presentation of 36 Fox Drive Where I grew up in Jackson, New Jersey [and] Image Two: 36 Fox Drive, Jackson, New Jersey, Fox, Quail, Deer Harfield make helmet, same symbolic representation of Flagler Hospital[.]" Doc. 1-2 at 1. He adds to the document two Google Earth images next to each other, presumably comparing aerial views of Flagler Hospital and the city where he grew up in New Jersey. Doc. 1-2 at 2.

3

Yesterday, Mr. Gaurdino filed 91 more pages consisting of four documents with four cover sheets. Docs. 4, 4-1, 4-2, 4-3. In the four cover sheets, he purports to offer the documents as "King" and as "evidence" and "proof" of his claim. Doc. 4 at 1; Doc. 4-1 at 1; Doc. 4-2 at 1; Doc. 4-3 at 1.

The first document is a medical journal article titled, "There Is No Such Thing as a Psychiatric Disorder/Disease/Chemical Imbalance." Doc. 4. Mr. Guardino had included a screenshot of the article as an exhibit to his complaint. Doc. 1-1.

The second document is a human rights commission report titled, "Massive Fraud[:] Psychiatry's Corrupt Industry." Doc. 4-1. Mr. Guardino contends the report is evidence that the psychiatry industry is fraudulent, corrupt, and part of a "criminal mental health monopoly." Doc. 4-1 at 1.

The third document is a law review article titled, "He Who Controls the Mind Controls the Body: False Imprisonment, Religious Cults, and the Destruction of Volitional Capacity." Doc. 4-2. Mr. Guardino contends the article "Establishes all dealings with Flagler Hospital based on fraud and introduction of psychiatry drugs equate to False Imprisonment. Deception of no fully informed consent and claiming neurotoxin are medicine is Mind control. Therefore controlling body. Psychiatry is a pseudoscience based completely on theory/FAITH therefore a religious cult." Doc. 4-2 at 1 (errors in original).

The fourth document is a copy of 18 U.S.C. §§ 2340–2340b, which govern torture committed outside the United States if the alleged offender is a national of the United States or is present in the United States. Doc. 4-3. Mr. Guardino contends, "Flagler Hospital intentionally inflicted sever[e] mental pain and suffering and caused prolonged mental harm by administering psychiatric neurotoxin drugs without fully informed consent. The drugs altered my mind and were calculated by psychiatrist to disrupt profoundly my sense and personality. Psychiatry is complete

4

fraud. Flagler Hospital engaged in 14 plus years of torture violating law." Doc. 4-3 at 1 (errors in original).

Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A federal court may have jurisdiction under a specific statutory grant, federal-question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). If a court determines it lacks jurisdiction, it must dismiss the action, Fed. R. Civ. P. 12(h)(3), without prejudice, *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

A district court has jurisdiction to hear a claim arising under federal law if the plaintiff's right "to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another." *Bell v. Hood*, 327 U.S. 678, 685 (1946). "[A] federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; *or* (2) such a claim is wholly insubstantial or frivolous." *BCBS of Alabama v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (internal quotation marks omitted) (emphasis in original). A claim is wholly insubstantial or frivolous if it "has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id.*

42 U.S.C. § 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of a federal right. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). A private actor is not subject to liability under § 1983 unless he conspires with a state actor. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1285 (11th Cir. 2002). "To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that the defendants reached an understanding to violate his rights." *Id.* (internal quotation marks and alterations omitted).

In *Davis v. Cluet, Peabody & Co.*, the Eleventh Circuit held a district court had no subject matter jurisdiction over a case in which the plaintiffs alleged involuntary detention by private defendants in violation of the Fourteenth Amendment. 667 F.2d 1371, 1372 (11th Cir. 1982). The court acknowledged that the "Supreme Court has limned a liberal standard to guide the courts in determining whether a federal question is substantial enough to allow the federal courts to take jurisdiction" and that "[u]nless a question is so unsubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy, the federal courts have subject matter jurisdiction." *Id.* at 1372 (internal quotation marks omitted). The court continued, "Even under such a broad gauge we hold that the federal question in this case was so totally devoid of merit that the district court should not have assumed jurisdiction." *Id.* at 1373. The court reasoned that the law is clear that purely private actions are not subject to the Fourteenth Amendment and the court could construe no statement in the complaint or any part of the record "that might conceivably involve state action." *Id.* The court added that had the plaintiffs made "some allegation" that the court could interpret to possibly raise the issue of state action, the court "would hold that a substantial federal question was presented that would provide subject matter jurisdiction and allow a decision by the district court on the merits of the complaint." *Id.*

Here, using reasoning similar to the reasoning in *Davis*, the undersigned recommends dismissal without prejudice for lack of subject matter jurisdiction. Mr. Guardino provides Florida addresses for both parties and, by leaving blank the box next to "Diversity of citizenship," appears to recognize the lack of diversity jurisdiction. He purports to bring a federal claim under § 1983 and constitutional amendments, but state action is required for that type of claim, and, like the plaintiffs in *Davis*, he makes no allegation or suggestion that state action was involved.

Even if the Court had subject matter jurisdiction over the claim, the undersigned would recommend dismissal without prejudice based on frivolity.

6

Under 28 U.S.C. § 1915(e)(2), a court "shall" dismiss an action by a plaintiff proceeding in forma pauperis if at any time the court determines the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if its claims involve factual contentions that are fanciful, fantastic, irrational, or delusional. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). A dismissal based on frivolity is without prejudice to filing a paid complaint. *Id.* at 34. Although a pro se litigant generally should be permitted to amend a pleading, a court need not provide leave to amend if it would be futile, meaning the pleading as amended would still be properly dismissed or immediately subject to summary judgment. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Here, under those standards, the action is frivolous, and amendment would be futile, because the factual contentions are fanciful, fantastic, irrational, or delusional. Mr. Guardino repeatedly calls himself "King." Docs. 1-1, 1-2, 4, 4-1, 4-2, 4-3. He seeks "$500,000,000.00." Doc. 1 at 4. He alleges Flagler Hospital assaulted him, battered him, committed fraud against him, falsely imprisoned him, and prescribed neurotoxins absent consent. Doc. 1 at 4. He alleges "no tests can be given for brain chemicals." Doc. 1 at 4. As in other cases, he provides as asserted evidence Google Earth aerial images allegedly depicting something unusual or sinister; here, the alleged outline of a space cadet helmet in aerial images of both Flagler Hospital and where he grew up in New Jersey.[3] Doc. 1-2.

---

[3]*See, e.g., Guardino v. Bd. of Cty. Comm'rs of Flagler Cty* (3:18-cv-1301-J-20JBT) (alleging county commissioners are sexually exploiting the children and people of Flagler County as evidenced by Google Earth aerial images of the county courthouse showing "a girl bent backwards with her breast being kissed/sucked," "a policeman with no arms, no legs pushed by a snakelike man down S.R. 100 and viewed another way a mental health hospital patient wearing helmet girl as nose drooling mocking the Bible Ephesians Helmet of [saliva] instead of salvation"); *Guardino v. Fruhan*, (3:18-cv-1419-J-20PDB) (alleging that Google Earth aerial images show Palm Coast Parkway as a "knife up motorcycle cop buttocks"); *Guardino v. Mark Zuckerberg* (3:18-cv-1455-32JBT) (alleging that Google Earth aerial images of Facebook's headquarters show a phallic symbol shared between cartoon-like

7

Thus, the undersigned recommends:

(1) **dismissing** the case without prejudice for lack of subject matter jurisdiction; and

(2) **directing** the Clerk of Court to close the case.[4]

**Ordered** in Jacksonville, Florida, on December 11, 2018.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Stephen Leonard Guardino Jr.
     97 Wynnfield Drive
     Palm Coast, FL 32164

---

characters, with one appearing "Donald Trump" like); *Guardino v. ITT, Inc.* (3:18-cv-1390-J-20JRK) (alleging that a company designed streets to sexually exploit children and residents as evidenced by Google Earth aerial images depicting things like a "head," a "knife," a "face guy," a "cobra face up forward," and an "anal penis butt").

[4]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3), 28 U.S.C. § 636(b)(1)(B), 11th Cir. R. 3-1, Local Rule 6.02.